FILED
SUPERIOR COURT
OF GUAM

2019 JAN 14 PM 2: 31

CLERK OF COURT
BY:_____



## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| IN THE MATTER OF | Special Proceedings Case No.: SP0119-18 |
| ROBERT HUNG BUM CHOI. | **DECISION AND ORDER**<br>(Re Petition to Expunge Record) |
| **PETITIONER** | |

### INTRODUCTION

This matter came before the Honorable Anita A. Sukola on Robert Hung Bum Choi's ("Petitioner") Petition to Expunge Record. Attorney Ray Cruz Haddock appeared on behalf of the Petitioner. Assistant Attorney General Peter J. Santos appeared on behalf of the People of Guam ("People"). Upon review of the written and oral arguments, and legal authorities presented by the Parties, the Court issues the instant Decision and Order.

### BACKGROUND

The Petitioner previously entered into a Plea Agreement in CM1785-92 where he pled guilty to one count of **DRIVING WHILE UNDER THE INFLUENCE OF ALCOHOL (As a Misdemeanor)**. Pet. 1 (Aug. 29, 2018). The Petitioner was placed on unsupervised probation and successfully completed his probationary term. Id. The Petitioner subsequently pled guilty to one count of **DRIVING UNDER THE INFLUENCE OF ALCOHOL (As a Misdemeanor)** in

CM0114-99. The Petitioner was placed on two years of unsupervised probation and again successfully completed his probationary term. Id.

The Petitioner has not been rearrested since the 1999 case, and has successfully completed all the conditions of his probation and both cases are closed. Id.

## DISCUSSION

The Petitioner asks the Court for an order expunging his arrest and records in both matters. Pet. 2 (Aug. 29, 2018). The Petitioner cites as the reason for his Petition that he is in the process of obtaining a taxicab license so that he can gain employment to provide for his family. Id. The Petitioner acknowledges that he has no statutory basis to seek expungement of his arrests and related records. Supp'l Brief Supp. Expungement 3-4 (Aug. 29. 2018). However, the Petitioner makes several arguments for the proposition that this Court has the inherent power to expunge his arrests and related records. Id. at 4-7.

The Court notes that the People have not filed an opposition to this Motion to Expunge, nor have the People filed a written notice of non-opposition. The Court is concerned with the People's lack of involvement in this matter. Despite the lack of opposition, the Court still has the obligation to address the merits of the Petition.

a. Expungement pursuant to Guam statute.

Guam law provides for certain circumstances when the Court must expunge criminal records.

> "The official records of the court, the Attorney General, and the police reports in connection therewith dealing with a violation or attempted violation by an adult of territorial law or a regulation having the force and effect of law *shall* be expunged when the subject of the report is acquitted of the offense charged, when the prosecuting attorney decides *not* to prosecute the offense, when the time for commencing the criminal action as prescribed by Chapter 10 of this Title has passed, or on approval of the Pardon Review Board when a pardon is granted pursuant to §1422 of the Organic Act of Guam, *except* for the pardon of a felony offense involving violence . . ." 8 G.C.A. § 11.10. (Emphasis in original).

The Petitioner's DUI convictions are not eligible for expungement pursuant to any basis provided for in 8 G.C.A. § 11.10, which only applies in circumstances when the subject of the records was pardoned, acquitted, or not timely charged. In the present case, the Petitioner was convicted of both DUIs he seeks to expunge.

In addition to expungement through 8 G.C.A. § 11.10, Guam law grants certain criminal offenses automatic eligibility for expungement upon the completion of specified conditions. See 9 G.C.A. § 67.412 (for possession of a controlled substance); 9 G.C.A. § 30.80.3 (for family violence); 5 G.C.A. § 63710 (for environmental crimes). Guam law does not, however, provide for statutory expungement of DUI convictions which have been adjudicated outside of the DUI Court.[1]

b. The Court's inherent authority to expunge.

Despite conceding the lack of statutory basis for his Motion to Expunge, the Petitioner posits that the inherent authority and powers of the Court at 7 G.C.A. § 7107 encompass the inherent power to expunge. Id. at 5.

> "Each of the courts of Guam shall have power: (h) To amend and control its process and orders so as to make them conformable to law and justice." 7 G.C.A. § 7107(h).

The Petitioner argues that a criminal conviction is a record generated by the Court and therefore it is the Court that has authority and jurisdiction over it. Id. at 6.

The Petitioner also posits that 7 G.C.A. § 2101(a) gives the Court authority to determine what matters will be of record and what matters shall not be of record. Id.

> "The Supreme Court may, by rules of court, create such divisions of the Supreme and Superior Courts as may be desirable, and may designate which of the divisions of the Superior Court are to be courts of record and which shall be courts not of record . . ." 7 G.C.A. § 2101(a).

The Petitioner argues that this statutory provision was used as the basis to create the Guam DUI Court under Guam Judicial Council Resolutions JC-17 and JC-10. Id. The Petitioner argues that had the Petitioner committed the offense of Driving Under the Influence of Alcohol after the DUI Court was created, then he would qualify for such expungement. Id.

In People v. Ho, 2009 Guam 18, the Supreme Court of Guam examined the different tests implemented by other jurisdictions regarding a court's inherent authority to expunge records after a judgment has been issued. The Supreme Court decided that the defendant did not show justification for expungement under the approach utilized by any jurisdiction, and therefore did not definitively decide whether the Superior Court of Guam has the authority to expunge records. "The facts of this case do not require us to definitively resolve the inherent authority issue or to

---

[1] The DUI Court was created by a Judicial Council Resolution after Petitioner's conviction.

announce the test we would adopt for our jurisdiction if we found that the court possessed inherent authority to expunge." Id. ¶ 28.

This Court has neither the statutory authority to expunge Petitioner's arrest records nor has the Supreme Court of Guam provided this Court with the authority to expunge. Absent legal authority, the Court will not expunge Petitioner's DUI arrests.

## CONCLUSION

Based on the foregoing, the Court hereby DENIES Petitioner Robert Hung Bum Choi's Petition to Expunge Record.

**SO ORDERED** 1/14/19

The Honorable Anita A. Sukola
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:

Atty Roy C Haddock
Atty General Prosecution

Date: 1|14|19 Time: 3.50 pm

Linda M. Perez
Deputy Clerk, Superior Court of Guam